# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JAIME L. SAYER,**

        Plaintiff,

v.                                                                                  **Civil Action No. 3:10-CV-79**
                                                                                    **(BAILEY)**

**OPEQUON MOTORS, INC., and**
**ELLEN M. PARSONS,**

        Defendants.

## ORDER DENYING *WITHOUT PREJUDICE* DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Currently pending before this Court is Defendants Opequon Motors, Inc.'s and Ellen M. Parsons' Motion for Judgment on the Pleadings [Doc. 5], filed August 23, 2010. The plaintiff responded on September 7, 2010, and the defendants replied on September 14, 2010. This Court has reviewed the record and the motion and, for the reasons set out below, finds that the defendants' motion should be **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

### I. Factual Allegations

According to the Amended Complaint [Doc. 11], this case involves the plaintiff's employment at Opequon Motors, Inc. ("Opequon Motors"), a West Virginia automobile dealership, from June 10, 2008, to January 29, 2010. ([Doc. 11] at ¶ 9). The plaintiff was initially employed as a service writer, a position which she held until some time near the end of 2009 or the beginning of 2010. (Id. at ¶¶ 10-11). At times during 2010, the plaintiff was employed in the parts department at Opequon Motors. (Id. at ¶ 12).

1

According to the plaintiff, she performed work during the course of her employment for which she was not paid. (Id. at ¶ 16). Opequon Motors permitted the plaintiff to perform work without pay. (Id. at ¶ 13). Also during the course of her employment, the plaintiff regularly worked in excess of 40 hours per week. (Id. at ¶ 14). Opequon Motors did not pay the plaintiff at the rate of one and one-half times her regular rate of pay for all overtime hours she worked. (Id. at ¶ 15). The plaintiff has not been paid all the wages due to her. (Id. at ¶ 17).

## II. Procedural History

On July 12, 2010, the plaintiff commenced this action in the Circuit Court of Berkeley County, West Virginia, against Opequon Motors and one of its officers, Ellen M. Parsons. The Complaint [Doc. 1-2] contains three counts: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; (2) failure to pay overtime wages in violation of the West Virginia Minimum Wage and Maximum Hours Standards ("MWMHS"), W.Va. Code § 21-5C-1, *et seq.*; and (3) failure to pay wages due in violation of the West Virginia Wage Payment and Collection Act ("WPCA"), W.Va. Code § 21-5-1, *et seq.*

On August 11, 2010, the defendants removed the above-styled action to the United States District Court for the Northern District of West Virginia based upon federal question jurisdiction [Doc. 1]. Specifically, the defendants cited the federal question arising from the plaintiff's FLSA claim. ([Doc. 1] at ¶ 4).

On August 18, 2010, the defendants filed an Answer [Doc. 4], admitting, *inter alia*, that "Opequon Motors is an 'enterprise engaged in commerce' as that term is defined by

the [FLSA]," and that "Plaintiff was employed by Opequon Motors as a clerk in the parts department and that the vast majority of her job duties included requisitioning, stocking, and dispensing automobile parts."  ([Doc. 4] at ¶¶ 6, 10).

On August 23, 2010, the defendants filed a Motion for Judgment on the Pleadings [Doc. 5], arguing that the plaintiff has failed to state a claim upon which relief may be granted.  First, the defendants argue that the plaintiff's FLSA claim must be dismissed because she was exempt from the overtime requirements of the FLSA.  ([Doc. 6] at 2-3). Second, the defendants argue that the plaintiff's MWMHS claim must be dismissed because they are not employers under that statute's provisions.  (Id. at 3-4).  Finally, the defendants argue that the plaintiff's WPCA claim must be dismissed because the plaintiff is not owed any wages.  (Id. at 4-5).

On September 7, 2010, the plaintiff filed her Response [Doc. 9], arguing that she has sufficiently stated claims under the FLSA and the WPCA.  ([Doc. 9] at 4-6).  In addition, the plaintiff withdrew her claim under the MWMHS.  (Id. at 5).

On September 8, 2010, the plaintiff filed an Amended Complaint [Doc. 11], deleting her MWMHS claim and adding allegations pertaining to the positions of employment she held while at Opequon Motors.

Finally, on September 14, 2010, the defendants filed their Reply [Doc. 13], requesting that their motion be held in abeyance for ninety (90) days. ([Doc. 13] at 2).  In support of their request, the defendants state that the plaintiff's Amended Complaint contains additional allegations regarding her job duties.  (Id. at 1).  Moreover, in her Response, the plaintiff asserts that she "does not agree with defendants' assessment of her job."  (Id., quoting [Doc. 9] at 4).  As such, the defendants contend that discovery is

3

necessary to determine whether their motion should be converted to one for summary judgment or withdrawn. (Id. at 1-2).

## DISCUSSION

In light of the defendants' Reply, which requests that the pending motion be held in abeyance until discovery is conducted, the Court finds it more appropriate to deny the motion without prejudice. In so finding, the Court notes that the defendants will be free to refile their motion as one for judgment on the pleadings, or for summary judgment, upon the completion of discovery. Accordingly, the Court finds that the defendants' motion should be **DENIED WITHOUT PREJUDICE**.

## CONCLUSION

For the foregoing reasons, the Court finds that the defendants' Motion for Judgment on the Pleadings **[Doc. 5]** should be, and hereby is, **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**DATED:** September 16, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE